FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 21 2008

JAMES N. HATTEN, Clerk
By: [signature]
        Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DWAYNE ADRIAN KIRKLAND, INMATE NO. 40297-019, Plaintiff, | : : : : : : : : : : : : : : : | PRISONER CIVIL RIGHTS 28 U.S.C. § 1331 CIVIL ACTION NO. 1:08-CV-0230-WSD |
| v. | | |
| REBECCA T. GESS-VALAGOBAR; SHEILA TYLER-ARNUM; FEDERAL BUREAU OF PRISONS; HARLEY G. LAPPIN; UNITED STATES PROBATION OFFICE; and FREDRICK ROGERS, Defendants. | | |

## ORDER AND OPINION

Plaintiff, currently confined at the United States Penitentiary in Atlanta, Georgia, has submitted the instant pro se civil rights action. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.   The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.

AO 72A
(Rev.8/82)

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for damages in federal court, brought pursuant to 28 U.S.C. § 1331. "Because of the similarity in the causes of action, . . . [courts] 'generally apply § 1983 law to Bivens cases.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

In order to state a claim for relief under Bivens or 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was

2

committed by a person acting under color of law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, but not his legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.  Discussion

   A.  Plaintiff's Allegations

On August 24, 1995, Plaintiff was convicted, pursuant to a jury trial held in Northern District of Georgia, of taking a motor vehicle shipped in interstate commerce from another person by force and use of a firearm during a crime of violence. See United States v. Kirkland, Criminal Case No. 1:95-CR-0217-1-JOF (N.D. Ga. Jul. 11, 1997), aff'd, Case No. 97-8759, 138 F.3d 959 (11th Cir. Mar.

3

3, 1998) (table). On July 11, 1997, Petitioner was sentenced to 105 months imprisonment for the car-jacking conviction, sixty (60) months for the firearm conviction, to be served consecutively to the car-jacking sentence, and three years of supervised release.[1] Id. at Doc. 48. These sentences were also ordered to be served consecutively to the twenty-one (21) months he was ordered to serve when his supervised release was revoked on July 11, 1997. Id.; Kirkland v. United States, Criminal Case No. 1:89-CR-0319-ODE (N.D. Ga. Jul. 11, 1997).

In the instant complaint, Plaintiff alleges that his pre-sentence investigation ("PSI") contained inaccurate information about his juvenile record in Fulton County, Georgia. (Doc. 1 at ¶¶ 7-8). Plaintiff claims that this inaccurate information resulted in his sentence being increased by twenty ("20") months, caused the United States Probation Office to label him "as a sex offender," and resulted in his being assigned a "high custody and security classification" by the Federal Bureau of Prisons ("BOP"). (Id. at ¶ 8; Doc. 1, attached civil rights complaint form at ¶ IV).

---

[1] Plaintiff apparently absconded after trial, and he was not returned to federal custody until on or about June 10, 1997. Id. at Docs. 41-46.

4

Plaintiff states that he has "verbally objected to [the] inaccurate information" since 1995. (Doc. 1 at ¶ 7). During the last "ten years," Plaintiff has made his verbal objections to BOP "Unit Team Members." (Id. at ¶ 8). According to Plaintiff, in January 2006, he "was finally able to contact the Juvenile Court of Fulton County which provided information that would aid to correct the inaccurate information within the P.S.I., or the necessary proof of a sealed, closed, expunged, adjudicated record." (Id. at ¶ 9). Plaintiff states that he forwarded this information to BOP "Unit Team Members/case manager/unit manager...." (Id. at ¶ 10). The Unit Team then "forwarded this new information to the P.S.I. investigator," Defendant Rebecca T. Gess-Valagohar. (Id.). Plaintiff also states that he exhausted his BOP administrative remedies on May 30, 2007. (Id.; Doc. 1, attached civil rights complaint form at ¶ II).

Gess-Valagohar allegedly informed Plaintiff "that she could not do anything from her office, and that it was out of her hands." (Id. at ¶ 11). Plaintiff elaborates on Gess-Valagohar's explanation by noting that she informed him that "time-limitations" prevented her from "do[ing] anything about the inaccurate information." (Id. at ¶ 13).

5

On March 2, 2007, Plaintiff filed a motion for relief because of newly discovered evidence. Kirkland, Criminal Case No. 1:95-CR-0217-1-JOF at Doc. 106. (Doc. 1 at ¶ 11). On January 18, 2008, the Court entered an Order denying Plaintiff's motion. Kirkland, Criminal Case No. 1:95-CR-0217-1-JOF at Doc. 108.

Plaintiff contends that the use of the inaccurate information and failure to correct the information violates the Privacy Act, the Due Process Clause, and constitutes "malicious prosecution" and "deliberate indifference." (Doc. 1 at ¶¶ 17-21). Plaintiff seeks the following relief: (1) to have information about his juvenile record removed from his PSI and criminal record – including related computer records; (2) to have his sentence reduced by twenty ("20") months; (3) to remove the three years of supervised release from his sentence; (4) to "[o]rder his immediate release"; and (5) "monetary damages." (Doc. 1, attached civil rights complaint form, at ¶ V).

    B.    <u>Analysis of Plaintiff's Claims</u>

        1.    <u>Release Not a Remedy</u>

Plaintiff asks this Court to reduce his sentence and order his immediate release. In the Order denying Plaintiff's motion for relief for newly discovered

AO 72A
(Rev.8/8 2)

evidence, the Court found: (1) "the court must treat Petitioner's motion as seeking relief under 28 U.S.C. § 2255"; (2) "Petitioner has already filed a § 2255 motion . . . [and he] must first seek permission from the court of appeals before filing a second or successive application for habeas corpus"; (3) "assuming that Petitioner had a juvenile conviction that did increase his criminal history category and that this conviction was by expunged by operation of Georgia law . . ., it is not clear that it would be improper to include that conviction in Petitioner's criminal history category"; (4) "at the time of sentencing, Petitioner knew or should have known of the status of his juvenile conviction[]"; and (5) "[u]nder a diligence analysis, ten years is too long a time to pass to raise the issue." Kirkland, Criminal Case No. 1:95-CR-0217-JOF at Doc. 108, pp. 3-5. Plaintiff cannot circumvent the Court's previous Order by filing this civil rights complaint.

The Supreme Court long ago established that release from custody is not an available remedy in a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973). Instead, Plaintiff is required to seek a modification of his sentence by filing a petition for a writ of habeas corpus. Id. at 500; Arthur v. Haley, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001) (federal prisoners generally must seek habeas corpus relief via 28 U.S.C. § 2255). As Plaintiff was previously informed, "[a]

7

second or successive motion [to vacate] must be certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. Until Plaintiff obtains such permission, this Court is without jurisdiction to consider whether he is entitled to have his sentence modified and, consequently, to be released from custody. See Fugate v. Dep't. of Corrections, 301 F.3d 1287, 1288 (11th Cir. 2002).

2. <u>Damages</u>

Plaintiff seeks money damages due to Defendants' alleged failure to correct his PSI and criminal history record. For the following reasons, this Court finds that Plaintiff may not recover damages against these Defendants.

**Malicious Prosecution**

Plaintiff contends that the use of the alleged error in his PSI constitutes malicious prosecution. In order to make out an actionable claim of malicious prosecution, a plaintiff must establish the following: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003). Here, Plaintiff is contending only that he was sentenced erroneously, and as is evident, his allegations do not satisfy the four elements of a malicious

prosecution claim. Accordingly, Plaintiff is not entitled to damages on the basis of being maliciously prosecuted.

**Due Process and Deliberate Indifference**

Plaintiff has a "constitutional due process right not to be sentenced on the basis of false information." United States v. Restrepo, 832 F.2d 146, 149 (11th Cir. 1987). Fed. R. Crim. P. 32(f), which refers to a defendant's right to protest findings in his PSI, satisfies the requirements of due process. Restrepo, 832 F.2d at 149. Plaintiff has made clear that he knew about the use of his juvenile criminal record before he was sentenced. Thus, Plaintiff has already had an opportunity to object to the use of those records, and consequently, he has not been denied due process.

Plaintiff alleges that the failure of Defendants to correct his PSI constitutes deliberate indifference. "To establish such a violation, Plaintiff[] must show that Defendants acted with deliberate indifference to . . . [his] due process rights." West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007). As Plaintiff has not been denied due process because he previously had an opportunity to object to the use of his juvenile record in determining his sentence, his claim of deliberate indifference to his due process rights must fail.

9

**Privacy Act**

Plaintiff also alleges that the use of his juvenile record violated the Privacy Act, codified at 5 U.S.C. § 552. The Privacy Act provides a civil remedy when a federal agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to insure fairness. . . ." 5 U.S.C. § 552(g)(1)(D); see Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992) (BOP may be liable for using false information when agency could have easily sought verification). As previously noted, the alleged erroneous information in Plaintiff's PSI concerns a juvenile conviction that may have been expunged by operation of Georgia law. While Plaintiff alleges that the information in his PSI is inaccurate, he is actually contending that his juvenile record should not have been included in his PSI. However, a PSI may include "any prior criminal record," Fed. R. Crim. P. 32(d)(2)(A), and, in certain circumstances, "the Sentencing Guidelines . . . require[] federal district courts to consider a defendant's prior juvenile adjudications for sentencing purposes." United States v. Carney, 106 F.3d 315, 317 (10th Cir. 1997). Even if a state law provides that a juvenile record is to be sealed or expunged, a federal court is not

AO 72A
(Rev.8/82)

prohibited from considering defendant's juvenile court record "in determining a sentence." Id.

Even if Plaintiff could assert a violation of the Privacy Act, he was required to file a civil action against Defendants "within two years from the date on which the cause of action" arose. 5 U.S.C. § 552(g)(5). Plaintiff allegedly knew of the juvenile court information in his PSI as early as 1995 and allowed the two-year statutory limitation period to expire several years before bringing this action. See Brown v. NationsBank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999) ("cause of action accrues, under federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (internal quotation omitted).

**Federal Tort Claims Act**

Although Plaintiff does not explicitly refer to the Federal Tort Claims Act ("FTCA"), his allegations against Defendants arguably amount to a claim that they were negligent by not removing his juvenile criminal record from his PSI. The FTCA provides: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. However, the

11

FTCA also requires an individual to exhaust available remedies before seeking relief in federal court. See 28 U.S.C. § 2675(a). To exhaust the available remedies, a claimant must "(1) give the appropriate federal agency written notice of his claim sufficient enough for that agency to investigate and (2) provide a value on his or her claim." Burchfield v. United States, 168 F.3d 1252, 1255 (11th Cir. 1999) (internal quotation omitted). The claimant must then wait for the agency to deny it. 28 U.S.C. § 2675(a). Until these steps are completed, a federal district court does not have jurisdiction to consider the merits of a claim filed pursuant to the FTCA. See McNeil v. United States, 508 U.S. 106, 107 (1993).

A review of the instant complaint shows that Plaintiff has attempted to have the BOP and United States Probation Office remove his juvenile criminal record from his federal criminal record. Plaintiff does not allege that he has sought money damages and thus, he has not satisfied the exhaustion requirement of the FTCA.

Even if Plaintiff did seek damages from these agencies, he is still not entitled to relief. Title 28 U.S.C. § 2401(b) states: "A tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues...." Plaintiff states that

12

he has been aware of the allegedly improper use of his juvenile criminal record since 1995. Plaintiff's claim thus accrued in 1995, when he knew of the alleged error in his PSI, or at the very latest, when he was given an opportunity to object the contents of his PSI prior to sentencing in 1997. See <u>United States v. Kubrick</u>, 444 U.S. 111, 123-24 (1979) (cause of action under the FTCA accrues when the plaintiff is aware of the injury). Plaintiff is barred from seeking relief based on the FTCA.

III.   <u>Conclusion</u>

For the reasons given,

**IT IS HEREBY ORDERED** that Plaintiff's civil action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's motion to proceed <u>in forma pauperis</u> [Doc. 2] is **GRANTED**. Plaintiff's motion for the appointment of counsel [Doc. 3] is **DENIED AS MOOT**.

**SO ORDERED** this 20th day of February 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

13

AO 72A
(Rev.8/82)